## GUARANTY OF A HEATING SYSTEM.

Court of Appeals for Hamilton County.

J. M. DAWSON v. FRED W. MYERS.

Decided, May 15, 1916.

*Guaranty—Where Covering a Heating System—Not Met by Showing Substantial Compliance Where There is a Deficiency in Heating Power.*

Under a contract for furnishing a heating system with a written guaranty as to its efficiency, the guaranty as to heating power must be met, and this is not done by showing substantial compliance with the specifications in the matter of design, material or workmanship.

*J. M. Dawson*, for plaintiff in error.
*Kramer & Bettman*, contra.

JONES (E. H.), J.

The judgment below will be reversed for error in the general charge wherein the court invoked the rule of substantial performance. This rule is applicable to building contracts where a departure from the specifications with reference to material or workmanship, etc., is the question in dispute. But we have here a contract for the furnishing of a heating system, with a written guaranty as to its efficiency. In such case the guaranty as to heating power must be met, and such requirement is not met by showing a substantial compliance with the specifications in the matter of design, material or workmanship.

It follows that the following special charge requested by plaintiff below, and refused, should have been given:

"There being no allegation in the answer and cross-petition that the plaintiff, J. M. Dawson, waived any of the provisions of the contract between him and Myers, the guaranty of Myers that the heating system installed by him should produce seventy degrees of heat in all the rooms containing radiators when the thermometer stood at zero on the outside, heat maintained continuously, was a continuous guaranty, and if you find that there was a failure of the plant installed by Myers to maintain such heat with proper firing and attention, the defendant, Myers, can not recover on his cross-petition, and it will be your duty to find what damages, if any, the plaintiff sustained by the failure of Myers to furnish a system providing such heat."

We find no other errors in the record.

Judgment reversed.

JONES (O. B.), J., and GORMAN, J., concur.